GEORGE C. HULL for the Use of, etc., Appellee, v. GEORGE H. WELSH *et al.*, Appellees ; GEO. H. WELSH, Intervenor, Appellant.

1. **Intoxicating Liquors:** ILLEGAL SALES: ACTION ON BOND: INFORMANT'S RIGHT TO DIVISION OF PENALTY. The defendant Welsh, having a permit to sell intoxicating liquors as provided by law, was sued with his bondsmen, for the violation of his bond in selling to certain persons who were in the habit of becoming intoxicated. The action having been settled by the defendants paying to the clerk the sum of three hundred dollars, which it was stipulated between the parties should be "in full settlement of said demands and penalties," the plaintiff moved the court for an order requiring the clerk to pay to him, as informant in the case, one-half of the amount paid by the defendants. *Held*, that the money paid to the clerk under the settlement with defendants was "collected by action," within the meaning of the provisions of section 1539 of the Code, and that the informant was entitled, under the law, to a moiety of the penalty.

2. ———— : ———— : ———— : ————. The payment made under such settlement must be deemed a forfeiture collected by action, notwithstanding the defendants in the stipulation for settlement disclaimed any liability under the law.

3. ———— : ———— : ———— : ————. Section 1539, of the Code of 1873 is not repealed by chapter 71 of the Acts of the Twenty-second General Assembly, and its provisions are applicable to actions upon the bonds of pharmacists.

4. —— : —— : —— : ——. To entitle the informant to a moiety of the penalty recovered in such action, it is not necessary that any claim thereto be made in the petition.

*Appeal from Boone District Court.*—Hon. D. R. HINDMAN, Judge.

TUESDAY, FEBRUARY 3, 1891.

THE following is a quotation from an agreed abstract of the record:

"Plaintiff states he is a citizen of Boone county, Iowa, and, on behalf and for the use of the school fund of said county, informs and complains that on August 29, 1888, the district court of Boone county, Iowa, granted defendant, George H. Welsh, a permit to buy, keep for sale and sell intoxicating liquors in Boone, Iowa, as provided by law, and, in accordance with the order of the court and the law in such case made, defendant filed with the auditor of said county a bond with sureties, said bond being conditioned and in form as required by law, a copy thereof being attached as an exhibit to the petition. That the condition of said bond has been broken in the following manner, to-wit: That the defendant has sold intoxicating liquors to Hardin Phipps and others, persons who are in the habit of becoming intoxicated, as follows:

" '[Here the petition sets out in detail five sales of intoxicating liquors, giving dates and quantities amounting to five hundred dollars.] Wherefore, plaintiff asks judgment for a penalty of one hundred dollars for each of said illegal sales against said defendant on said bond, and against the sureties thereon, and for costs.                                O. M. BROCKETT,

" 'County Attorney Boone County, Iowa, Attorney for Plaintiff.'

"The defendant appeared, but no answer was filed nor issue joined in the action, and on September 21, 1889, a settlement of the cause was made, as shown by the following:

" 'It is stipulated by and between the parties in this cause that all the claims and demands and causes of action set forth in the petition are fully settled, and said action shall be dismissed on the payment of the sum of three hundred dollars by said defendants to the clerk of said court, and the defendants expressly protest that they are not liable in any sum whatever, but that, to avoid a long and tedious litigation, agree to pay said sum of three hundred dollars in full settlement of said demands and penalties.

" 'O. M. BROCKETT,

" 'Attorney for Plaintiff.

" 'J. R. WHITTAKER,

" 'S. R. DYER,

" 'Attorneys for Defendant.'

"On September 21, 1889, the defendant Welsh paid to the clerk of the district court of Boone county, Iowa, the said sum of three hundred dollars, and said clerk now holds the same. September 19, 1889, George C. Hull moved the court for an order requiring the clerk to pay him one-half of the amount paid to the clerk, as informant in the case. On November 9, 1889, George H. Welsh was granted leave to intervene, and, in pursuance thereof, he filed what in the abstract is entitled a 'petition or motion,' which shows that he appears 'for the use and on behalf of the school fund,' and stating 'that he is resident and taxpayer of Boone county, Iowa.' "

Then follows what might be termed a "resistance" to the motion of George C. Hull for several reasons, which will be noticed in the opinion so far as necessary. The district court granted the motion of George C. Hull, and gave judgment dismissing the petition of intervenor, from which judgment he appeals.—*Affirmed.*

*Clayton Harrington, S. R. Dyer* and *J. R. Whittaker,* for appellant.

*Crooks & Jordan,* for appellees.

GRANGER, J.—I. The only question for our determination is, did the district court err in granting the motion of George C. Hull for a moiety of the three hundred dollars paid by defendant Welsh? Code, section 1539, is as follows: "It shall be unlawful for any person to sell, give away, by agent or otherwise, any spirituous or other intoxicating liquors, including wine or beer, to any minor for any purpose whatever, unless upon the written order of his parent, guardian or family physician, or sell the same to any intoxicated person, or to any person who is in the habit of becoming intoxicated. Any person violating the provisions of this section shall forfeit and pay to the school fund the sum of one hundred dollars for each offense, to be collected by action against him, and the sureties on his bond, if one has been given, by any citizen in the county. One-half of the amount so recovered shall go to the informer, and the other half shall go to the school fund of the county." It is urged by the appellant that Hull would only be entitled to the half claimed on the recovery, "and this can only refer to that sum which is awarded in a judicial proceeding by judgment of the court;" and that a recovery "implies an adjudication."

1. INTOXICATING liquors: illegal sales: action on bond: informant's right to division of penalty.

Several cases are cited defining a recovery, but none with facts to sustain appellant's theory of this case. The statute largely provides for a solution of the question. It provides that "any person violating the provisions of this section shall forfeit and pay to the school fund the sum of one hundred dollars for each offense, to be collected by action against him." The three hundred dollars is surely a "forfeiture" under the section, and it is paid to settle the "cause of action set forth in the petition." It was then "collected by action" against Welsh, and that is the recovery the section has reference to. It says: "One-half of the amount so recovered shall go to the informer." If the amount is collected by action, it is as much a

recovery if paid to settle the action as if paid after final adjudication. This construction meets the legislative will. The other would surely defeat it.

II. It is said that the stipulation of settlement disclaims liability under the law. It is true that, after the language of the settlement, there is a *2. The same.* "protest" against legal liability, but it in no manner affects the question before us. The payment is no less a forfeiture collected by action against the defendant because of the protest.

III. It is urged that the provision of the statute as to one-half of the recovery going to the informer is *3. The same.* not applicable to an action on a pharmacist's bond, but the language of the section is comprehensive, and makes it unlawful for any person to sell to persons in the habit of becoming intoxicated, and then provides for a forfeiture by any person violating the provisions of the section, and for action against him and sureties on his bond, if one has been given. We do not think an action on the bond of a pharmacist is an exception to the rule as to the rights of informers. Our attention is called to the legislation by the twenty-second general assembly, under chapter 71, and it is urged that the effect of such legislation is to repeal the latter clause of section 1539. There is no such inconsistency as to effect a repeal by implication, and none is expressed. While the act, in terms, repeals some fourteen other sections of the Code, it leaves the section in question without reference, indicating that there was not a legislative purpose to repeal it.

IV. It is said that Hull, in the record, made no claim for anything himself. That is true prior to his *4. The same.* motion, and that was in sufficient time. He appeared as informer or complainant in behalf of the public in the petition. There was no necessity for a claim by him before there was a recovery. It was only when the money was collected that his rights obtained.

The action of the district court is AFFIRMED.